IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE CURTIS, <br> # 08833-062, <br><br>            Petitioner, <br><br> vs. <br><br> T. G. WERLICH, <br><br>            Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 19-cv-821-RJD[1] <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

In December 2001, petitioner Andre Curtis was convicted by a jury in the Northern District of Oklahoma of eight counts of Interference with Commerce by Robbery (Hobbs Act robbery) and eight counts of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of Title 18 U.S.C. §§ 2, 924(c), and 1951. On April 4, 2002, he was sentenced to a total term of imprisonment of 2,271 months. *United States v. Curtis*, Case No. 01-cr-003 ("Criminal Case"). He is now an inmate in the Bureau of Prisons, incarcerated at FCI-Greenville.

Curtis filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), and the First Step Act of 2018. This matter is now before the Court on Respondent's Motion to Dismiss (Doc. 12), arguing the Petition should be dismissed because *Mathis* does not apply to his claim and the First Step Act does not apply to sentences imposed before its effective date. Curtis responded to the motion at Doc. 16.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). (Doc. 11).

1

**RELEVANT FACTS AND PROCEDURAL HISTORY**

In April 2002, Curtis was sentenced to a term of 87 months imprisonment on each of the eight Hobbs Act robberies, to be served concurrently. He was sentenced to a term of 84 months (7 years) on the first § 924(c) conviction and to a term of 300 months (25 years) on each of the other seven § 924(c) convictions, to be served consecutively to each other and to all other terms of imprisonment. His total term of imprisonment is 2,271 months. (*See* Judgment, Doc. 12, Ex. 2, pp. 1-4). The judgment was amended in June 2002. The amendment affected only the restitution and is not relevant to the Petition. (*See* Doc. 12, Ex. 3).

Curtis raised six issues on direct appeal: (1) the district court used improper in-court identification procedures; (2) his prosecution by the federal government violated his Fifth Amendment due process rights and separation of powers; (3) the district court improperly denied a motion to suppress his statement; (4) the district court improperly refused to suppress security camera videotapes from four of the robberies; (5) the district court improperly instructed the jury as to the required effect of the Hobbs Act robberies on interstate commerce; and (6) the Government failed to prove that the robberies sufficiently affected commerce such that they constituted a violation of the Hobbs Act. The convictions were affirmed. *United States v. Curtis*, 344 F.3d 1057 (10th Cir. 2003).

Curtis filed a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255 in January 2005, alleging various constitutional violations, including ineffective assistance of counsel. (Criminal Case, Doc. 161). He amended his motion to add additional claims of ineffective assistance of counsel, an additional constitutional claim, and a preservation of his right to argue that the evidence was insufficient to sustain his convictions on the Hobbs Act robberies. (Criminal Case, Doc. 168). The motion was denied, and Curtis did not appeal.

In March 2007, Curtis filed a motion to modify sentence pursuant to 18 U.S.C. § 3582(c) based on the then-newly-enacted amendment 599 to U.S.S.G. § 2K2, arguing that, as a result of the amendment, his cumulative § 924(c) sentences were improper. (Criminal Case, Doc. 197). The district court denied the motion to modify and the Tenth Circuit Court of Appeals affirmed. (Criminal Case, Doc. 215). *See also United States v. Curtis*, No. 07-5115 (10th Cir. Oct. 25, 2007).

Curtis filed additional motions in February 2008, July 2012, and August 2012, which were denied because they were successive § 2255 motions filed without the permission of the Court of Appeals. (Criminal Case, Docs. 220, 229, 239).

In March 2016, Curtis filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) or, in the alternative, Federal Rule of Criminal Procedure 60(b), asking for a re-sentencing hearing based on 18 U.S.C. § 3553(a)(6). (Criminal Case, Doc. 246). That motion remains pending.

In January 2019, Curtis filed a motion for compassionate release pursuant to the First Step Act of 2018. (Criminal Case, Doc. 256). That motion remains pending.

In December 2019, the Tenth Circuit granted Curtis leave to file a successive § 2255 motion raising a claim under *United States v. Davis*, 139 S. Ct. 2319 (2019). The district court appointed counsel on March 30, 2020 and granted Curtis 60 days in which to file an amended motion. (Criminal Case, Docs. 260, 264, 265).

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is

generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must

4

apply retroactively.  Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available.  In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied."  *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Respondent moves to dismiss because Curtis' claim cannot be asserted in a § 2241 petition.

Respondent also makes a "threshold argument" which he admits is "contrary to current Seventh Circuit precedent by which this Court is bound."  (Doc. 12, pp. 11-19).  The Court need not reach this argument because Curtis' claim does not fit within the savings clause under *Davenport*.

At the time of Curtis' offenses and sentencing, § 924(c)(1)(C) provided that "In the case of a second or subsequent conviction under this subsection, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years. . . ." and that the sentences would run consecutively to all other sentences.  The Supreme Court held in *Deal v. United States*, 508 U.S. 129 (1993), that "second or subsequent conviction" did not mean only a second or subsequent conviction after a prior § 924(c) conviction had become final.  Rather, the phrase included a second or subsequent conviction charged in the same indictment as the first conviction.  The statute therefore required stacking of the sentences on multiple § 924(c) convictions charged in the same indictment even if the defendant had never before been convicted of violating § 924(c).  Curtis' sentence of 7 years

5

on the first § 924(c) conviction and 25 years on each subsequent § 924(c) conviction was correct under *Deal*.

The First Step Act of 2018 amended § 924(c)(1)(C) to read "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years. . . ." The effective date of the amendment is December 21, 2018. Section 403 of the First Step Act of 2018 specifies "(b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

Ostensibly relying on *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), Curtis argues that the 2018 amended version of § 924(c) should be applied to his sentence. However, *Mathis* is inapplicable to his claim.

*Mathis* applied Supreme Court precedent that began with *Taylor v. United States*, 495 U.S. 575 (1990), directing courts to use the "categorical approach," when determining whether a prior crime counts as a predicate crime of violence for purposes of an Armed Career Criminal Act sentencing enhancement. The categorical approach requires the court to look not to the *facts* of the prior crime but to the statutory *elements* of the prior conviction to determine whether the prior crime qualifies as one of the crimes of violence enumerated in § 924 (e)(2)(B)(ii). In the case of a statute that has multiple alternative elements, courts are to use a "modified categorical approach" which permits the court to consult a limited set of documents to determine which element(s) the defendant was convicted of. *Mathis*, 136 S. Ct. at 2248-2249. However, some statutes list not different elements, but merely different means of committing the offense. *Mathis* holds that it is

6

error to use the modified categorial approach where a statute lists only alternative means, and not elements. *Mathis*, 136 S. Ct. at 2253.

The above discussion illustrates that Curtis' argument does not arise out of *Mathis*. In his response to the motion to dismiss, Curtis argues that *Mathis* applies because his first § 924(c) conviction was used as a predicate crime for his subsequent § 924(c) convictions. (Doc. 16, p.5). That is not what a predicate crime means as used in *Mathis. See Mathis,* 136 S. Ct. at 2247. Here, the predicate crime of violence supporting the § 924(c) convictions is Hobbs Act robbery. Curtis does not argue that Hobbs Act robbery is no longer a crime of violence for purposes of § 924(c) after *Mathis*. Any such argument would be unsuccessful, as the Seventh Circuit has held that Hobbs Act robbery is indeed categorically a crime of violence. *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). The Tenth Circuit, where Curtis was convicted, agrees. *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1056 (10th Cir. 2018).

Curtis also argues that the First Step Act merely "clarifies" what § 924(c) "was always meant to be" and that Congress "deliberately used the word 'clarification' to correct the broken application of 924(c)." Thus, he argues, the Act should be applied retroactively. (Doc. 16, pp. 3-4). However, the Act does not use the words "clarify" or "clarification." Congress could have provided that amended § 924(c) would apply to previously-imposed sentences, but did not. Congress clearly intended that it be applied only to sentences not yet imposed as of the Act's effective date.

Curtis' argument for retroactive application of the First Step Act's amendment of § 924(c) does not arise out of anything in *Mathis*. Neither the holding nor the reasoning of *Mathis* applies. Because Curtis' claim does not arise out of *Mathis* or any other new rule of statutory construction, it does not meet the *Davenport* requirements and cannot be brought in a § 2241 petition.

The argument that the First Step Act of 2018 should be applied to Curtis' sentence would fail in any event. Given the clear language of the Act, it is not surprising that the Seventh Circuit has held that the First Step Act is not retroactive. *See United States v. Jackson*, 940 F.3d 347, 353 (7th Cir. 2019), construing § 401 of the Act, which is identical to § 403.

## CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 12) is **GRANTED**. Andre Curtis' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED**. This action is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition

of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 13, 2020**

*s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**